KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

SUSAN E. BADGER (CSBN 124365)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7199
FAX: (415) 436-7234

Attorneys for Plaintiff

FILED
NOV X 3 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JIMMY QUAN,
a/k/a Toha Quan,
ANNA WONG,
a/k/a Ann You Nor Wong,
JENNY WONG,
a/k/a Jenny Yee Nor Wong, and
BICK WONG,
a/k/a Bick You Wong,

Defendants.

No. CR 04 0323 VRW

~~STIPULATED MOTION~~ AND [PROPOSED] ORDER EXCLUDING TIME

The parties in the above-entitled case appeared before the Court on September 6, 2005 for status and trial setting. Defendant Jimmy Quan was present and represented by Assistant Federal Public Defender Elizabeth Falk; defendant Anna Wong was present and represented by Erik Babcock; defendant Jenny Wong was present and represented by

Scott Sugarman, and defendant Bick Wong was present and represented by Michael Berger.[1] Assistant United States Attorney Susan Badger represented the United States.

Counsel for Jimmy Quan, Anna Wong, and Jenny Wong advised the Court that their schedules were such that the earliest date they could begin trial in the above-captioned case is June 5, 2005. Mr. Babcock advised the Court that he is scheduled to try a fraud case before United States District Judge Charles Breyer in January and February 2006. The trial may extend into March 2006. Mr. Babcock advised that given the complexity of that case and the instant case, if the trial in the instant case were to take place before January 2006, he would not be able to effectively prepare for the instant case, taking into account due diligence. Counsel for Jimmy Quan and Jenny Wong also indicated that in light of the voluminous discovery and the complexity of the instant case, they would not be able to effectively prepare for trial before January 2006, taking into account due diligence. Mr. Babcock advised that he would need sufficient time after the completion of the trial before Judge Breyer to conduct final preparation for trial in this case. He indicated that he could not be effectively prepared, taking into account due diligence, before June 5, 2006. In addition, counsel for Jimmy Wong advised the Court that she would be unavailable during a period of time in March 2006.

Taking into account the schedules and requests of counsel for Jimmy Quan, Anna

///

///

///

---

[1] On August 31, 2005, Magistrate Judge Bernard Zimmerman conditionally appointed Mr. Berger to represent Bick Wong. The appointment was conditioned on the defendant seeking to obtain financing using as collateral three properties in which she has an ownership interest. Magistrate Zimmerman ordered that if she was able to obtain substantial loans against one or more of the properties, he would terminate the appointment under the Criminal Justice Act, and would order Ms. Wong to pay the fees billed by Mr. Berger to date. Ms. Wong could then retain the services of Mr. Berger. If she was not able to obtain such loans, the CJA appointment of Mr. Berger could continue.

Wong, and Jenny Wong, the Court ordered that trial in the instant case will begin on June 5, 2006.

Michael Berger, recently-appointed counsel for Bick Wong, advised the Court that he would be unavailable to try the case in June and July of 2006, due to a prior personal commitment. Mr. Berger moved to withdraw as counsel for Ms. Wong, and the Court granted his motion effective with the appointment of new counsel. The Court ordered that Ms. Wong appear before the duty Magistrate Judge on September 9, 2005 for identification of new appointed counsel.[2]

Counsel for all defendants, jointly with the United States, request that the time between September 6, 2005 and June 5, 2006 be excluded from the time requirements of the Speedy Trial Act based on the need for effective preparation, taking into account due diligence; the unavailability of counsel, as described above; and the complexity of the case. 18 U.S.C. § 3161(h)(8)(A) & (B)(i)(ii)(iv).

IT IS SO STIPULATED.

BARRY PORTMAN
Federal Public Defender

DATED:

ELIZABETH FALK
Assistant Federal Public Defender
Office of the Federal Public Defender
Counsel for Jimmy Quan

DATED:

ERIK BABCOCK
Attorney at Law
Counsel for Anna Wong

---

[2] Robert Waggener was appointed to represent Bick Wong effective September 27, 2005.

'ong, and Jenny Wong, the Court ordered that trial in the instant case will begin on June 2006.

Michael Berger, recently-appointed counsel for Bick Wong, advised the Court that : would be unavailable to try the case in June and July of 2006, due to a prior personal ommitment. Mr. Berger moved to withdraw as counsel for Ms. Wong, and the Court anted his motion effective with the appointment of new counsel. The Court ordered at Ms. Wong appear before the duty Magistrate Judge on September 9, 2005 for entification of new appointed counsel.[2]

Counsel for all defendants, jointly with the United States, request that the time tween September 6, 2005 and June 5, 2006 be excluded from the time requirements of Speedy Trial Act based on the need for effective preparation, taking into account due igence; the unavailability of counsel, as described above; and the complexity of the se. 18 U.S.C. § 3161(h)(8)(A) & (B)(i)(ii)(iv).

IS SO STIPULATED.

BARRY PORTMAN
Federal Public Defender

TED: 10/17/05

/s/ [signature] for EF
ELIZABETH FALK
Assistant Federal Public Defender
Office of the Federal Public Defender
Counsel for Jimmy Quan

TED:

ERIK BABCOCK
Attorney at Law
Counsel for Anna Wong

[2] Robert Waggener was appointed to represent Bick Wong effective September 27, 2005.

Wong, and Jenny Wong, the Court ordered that trial in the instant case will begin on June 5, 2006.

Michael Berger, recently-appointed counsel for Bick Wong, advised the Court that he would be unavailable to try the case in June and July of 2006, due to a prior personal commitment. Mr. Berger moved to withdraw as counsel for Ms. Wong, and the Court granted his motion effective with the appointment of new counsel. The Court ordered that Ms. Wong appear before the duty Magistrate Judge on September 9, 2005 for identification of new appointed counsel.[2]

Counsel for all defendants, jointly with the United States, request that the time between September 6, 2005 and June 5, 2006 be excluded from the time requirements of the Speedy Trial Act based on the need for effective preparation, taking into account due diligence; the unavailability of counsel, as described above; and the complexity of the case. 18 U.S.C. § 3161(h)(8)(A) & (B)(i)(ii)(iv).

IT IS SO STIPULATED.

BARRY PORTMAN
Federal Public Defender

DATED:

ELIZABETH FALK
Assistant Federal Public Defender
Office of the Federal Public Defender
Counsel for Jimmy Quan

DATED: 10/12/05

ERIK BABCOCK
Attorney at Law
Counsel for Anna Wong

[2] Robert Waggener was appointed to represent Bick Wong effective September 27, 2005.

DATED:

SCOTT SUGARMAN
Attorney at Law
Counsel for Jenny Wong

DATED: 10/28/05

ROBERT WAGGENER
Attorney at Law
Counsel for Bick Wong

KEVIN V. RYAN
United States Attorney

DATED:

SUSAN E. BADGER
Assistant United States Attorney

Based on the oral motion of the parties at the hearing before this Court on September 6, 2005, and the above-stipulation, and for good cause appearing, IT IS HEREBY ORDERED THAT the trial in the above-captioned case shall begin on June 5, 2006. IT IS FURTHER ORDERED THAT the time between September 6, 2005 and June 5, 2006 is excluded from the time requirements of the Speedy Trial Act. The Court finds that such exclusion is appropriate in light of unavailability of counsel; the need for effective preparation of counsel, taking into account due diligence; and the complexity of the case, as described by the parties at the hearing on September 6, 2005 and at previous hearings. 18 U.S.C. § 3161(h)(8)(A) & (B)(i)(ii)(iv).

IT IS SO ORDERED.

DATED:

VAUGHN R. WALKER
Chief United States District Judge

DATED: 11/1/05

SCOTT SUGARMAN
Attorney at Law
Counsel for Jenny Wong

DATED:

ROBERT WAGGENER
Attorney at Law
Counsel for Bick Wong

KEVIN V. RYAN
United States Attorney

DATED: 11/1/05

SUSAN E. BADGER
Assistant United States Attorney

Based on the oral motion of the parties at the hearing before this Court on September 6, 2005, and the above-stipulation, and for good cause appearing, IT IS HEREBY ORDERED THAT the trial in the above-captioned case shall begin on June 5, 2006. IT IS FURTHER ORDERED THAT the time between September 6, 2005 and June 5, 2006 is excluded from the time requirements of the Speedy Trial Act. The Court finds that such exclusion is appropriate in light of unavailability of counsel; the need for effective preparation of counsel, taking into account due diligence; and the complexity of the case, as described by the parties at the hearing on September 6, 2005 and at previous hearings. 18 U.S.C. § 3161(h)(8)(A) & (B)(i)(ii)(iv).

IT IS SO ORDERED.

DATED:

VAUGHN R. WALKER
Chief United States District Judge