IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No   CR  04-0323  VRW |
| Plaintiff, | ORDER |
| v | |
| JIMMY QUAN, ANNA WONG, | |
| Defendants.                              / | |

       Defendants Jimmy Quan and Anna Wong are charged with five counts of money laundering in violation of 18 USC § 1956. Defendants move to dismiss these money laundering charges, counts twenty-four through twenty-eight in the second superceding indictment. For reasons discussed below, defendants' motion is DENIED.

//
//
//

I

The following is a brief summary of the government's theory of the case, as contained within the second superceding indictment, which gives rise to the money laundering counts. Defendants concealed assets of the corporation Tomi LLC from the Bankruptcy Court from February 2001 through August 2005 in violation of 18 USC § 152.  In part, this concealment took the form of lending $325,000 to another corporation managed by the defendants, 1081 LeConte LLC, secured by an interest in property at 1081 LeConte Ave. The money was lent on February 2, 2001.  This property was then transferred without consideration from 1081 LeConte LLC to Jo Lene Utah, Inc, another corporation under the defendants control, on April 4, 2003.  Tomi LLC filed for bankruptcy on July 8, 2003, and filed a fraudulent statement of financial affairs on July 31, 2003 which concealed the interest in 1081 LeConte Ave.  Defendants then sold the property interest in 1081 LeConte Ave using Jo Lene Utah, Inc, on August 4, 2003.  The proceeds of this sale totaling $272,721 were disbursed from the escrow account established for the sale in the form of five checks made payable to the defendants' children on August 5, 2003.  The money laundering charges arise from the transaction which deposited the sale proceeds into bank accounts in the names of the defendants' children.

II

Defendants seek to dismiss the money laundering charges because the act of depositing the checks into their children's bank accounts are not distinct from the underlying offense of concealing assets in violation of 18 USC § 152.

In the Ninth Circuit, prosecution for money laundering

2

1 must involve a transaction in proceeds from a "previous and
2 completed criminal activity."  <u>United States v Savage</u>, 67 F3d 1435,
3 1441-42 (9th Cir 1995).  In the present case, defendants criminal
4 activity was concealing the property interest by filing a fraudulent
5 report during a bankruptcy proceeding on July 31, 2003.  The
6 proceeds from this criminal activity consist of the money placed in
7 an escrow account after the sale of the concealed property on August
8 4, 2003.  The act of depositing this money into their children's
9 accounts on August 5, 2003, is distinct from the concealment of
10 assets during the bankruptcy proceedings.  The Ninth Circuit
11 language "separate and completed criminal activity" does not
12 preclude liability for a completed act of concealment in an ongoing
13 criminal offense.
14      Defendants define completed criminal activity in a manner
15 which would prohibit prosecution for money laundering for
16 transactions which involve the proceeds from separate, completed
17 acts in an ongoing criminal scheme.  Defendants argue that because
18 the concealment of assets continued until August 2005, the proceeds
19 from concealment could not have been laundered prior to August 2005.
20 Such an interpretation of completed criminal activity would have the
21 court create immunity from money laundering charges for any
22 transaction that predates the completion of an ongoing criminal
23 offense or scheme.
24      While defendants may have continued to conceal assets from
25 the bankruptcy court after August 5, 2003, the money laundering
26 charges involve a distinct concealment on July 31, 2003.  This
27 concealment created proceeds in the form of an undisclosed property
28 interest, and ultimately $272,721 in an escrow account after the

3

1  sale of the property on August 4, 2003.  Transactions seeking to
2  conceal or disguise the nature, location, source, ownership and
3  control of these proceeds can be charged as money laundering
4  pursuant to 18 USC § 1956.  The timing of these acts clearly
5  demonstrates that the concealment of assets was separate and
6  complete prior to issuing the five check; the concealment of the
7  property interest on July 31, 2003, was the underlying criminal
8  activity, the sale of the property on August 4, 2003, generated
9  proceeds from the concealment and the disbursement into the five
10 bank accounts on August 5, 2003 were transactions with those
11 proceeds which give rise to money laundering charges.
12        Prosecuting separate transactions which use proceeds of an
13 ongoing criminal violation will not frustrate the congressional
14 intent that money laundering "be a separate crime distinct from the
15 underlying offense that generated the money to be laundered."
16 United States v Edgmon, 952 F2d 1206, 1213 (10th Cir 1991), quoted
17 by Savage, 67 F3d at 1442.  In this case, depositing the illegal
18 proceeds from a completed act of concealment is distinct from the
19 ongoing violation of 18 USC § 152 in concealing corporate assets.
20        Defendants' motion to dismiss is DENIED.

        IT IS SO ORDERED.

                                    _____
                                    VAUGHN R WALKER
                                    United States District Chief Judge

**4**