IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>JIMMY QUAN,<br>        a/k/a Toha Quan,<br>ANNA WONG,<br>        a/k/a Anna You Not Wong,<br>JENNY WONG,<br>        a/k/a Jenny Yee Nor Wong,<br>BICK WONG,<br>        a/k/a Bick You Wong,<br><br>        Defendants.<br>_____/ | No. CR 04-0323 WBS<br><br>**ORDER FOR CRIMINAL PRETRIAL PREPARATION** |

        By Order filed September 19, 2006, this case was set for jury trial to commence on January 16, 2007, and the matter was set for Pretrial Conference at 9:30 a.m. on December 8, 2006, in Courtroom 5 in San Francisco.  Pursuant to that Order, on October 3, 2006, the Clerk assigned this case to the undersigned judge for all further proceedings.  The court understands that Judge Walker's Order of September 19, 2006, disposes of all pretrial motions and that no further motions, other than motions in limine and any motions ordinarily made during the course of trial may be heard.

        Therefore, good cause appearing, in preparation for the Pretrial Conference, it is hereby ORDERED that:

Pretrial.aut                                            1

A. On or before November 20, 2006, counsel for the government shall serve and file a trial memorandum briefly stating the legal basis for the charges and the anticipated evidence, and addressing any evidentiary or other anticipated legal issues, and shall serve and lodge: (1) a list of all witnesses who may be called together with a brief summary of the testimony of each; (2) copies of all exhibits to be offered at trial, premarked, together with a completed list of exhibits; (3) proposed voir dire of the jury panel; (4) a proposed statement to be read by the court to prospective jurors before jury selection explaining the nature of the charges; (5) a proposed statement to be read by the court to the jurors immediately after jury selection explaining in terms that the jury will be able to understand the charges against each defendant and the elements that need to be proven to establish each of those charges; (6) a proposed form of verdict; and (7) requested jury instructions in the following form:

    (a)    any instruction contained in the Ninth Circuit Model Instructions Manual may be requested by designation of its number;

    (b)    if any Ninth Circuit Model Instruction requires modification, including the filling in of any blanks, the precise modification shall be set forth;

    (c)    each other instruction shall be requested by setting forth the instruction in full text on a separate sheet with reference to supporting legal authority;

    (d)    additional copies of all instructions and forms of verdict shall be provided to the Courtroom Deputy Clerk in Word Perfect format either by email or on disk.

B. On or before November 27, 2006, counsel for each of the defendants, either jointly or individually, shall file and serve a trial memorandum addressing any evidentiary or other anticipated legal issues not addressed in the government's trial memorandum, and may respond to any of the issues or arguments contained in the government's memorandum. To the extent consistent with the defendants' right to an effective defense, defense counsel shall also at that time serve and lodge any alternative statements to be read to the jury and any alternative forms of verdict and instructions in accordance with paragraph A (4), (5), (6), and (7) above.

C. On or before November 27, 2006, counsel for each of the defendants, either jointly or individually, shall also serve and lodge any questions they want the court to ask on voir dire to prospective jurors. In Jenny Wong's pretrial motion, counsel asked the court to submit written juror questionnaires to potential jurors. If counsel still want the court to consider that request, on or before

November 27, 2006, counsel shall serve and lodge a form of proposed questionnaire, containing all of the questions which counsel want included in the questionnaire, and indicating which of the defendants join in the request. Counsel shall be prepared to discuss the proposed procedure and mechanics for administering the questionnaire to the jury. On or before December 4, 2006, counsel for the government may file and serve its response to defendants' proposal.

D. To the extent possible, defense counsel shall try to file a joint statement on the matters listed above. All counsel will be expected to confer in advance and be prepared to discuss with the court each of the matters listed above, as well as any anticipated evidentiary objections and means for shortening and simplifying the trial (e.g., by stipulations to such matters as chain of custody, the nature of substances, the use of the mail, etc.). *Crim. Local Rule 17.1-1.*

E. Each document filed or lodged with the court must be accompanied by a copy for use in the judge's chambers. In addition, one copy of the witness and exhibit list should be provided to the court reporter.

F. If transcripts will be requested during or immediately after the trial, arrangements must be made with the court reporter at least one week before trial commences.

G. The Pretrial Conference shall be attended by each of the defendants personally and at least one attorney for each party who will actually represent that party at trial.

DATED: October 19, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE